UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, <br>    Plaintiffs, <br> v. <br> DEMPSEY ING, INCORPORATED, an Illinois corporation, and JAMES E. DODSON, individually, <br>    Defendants. | FILED: JULY 10, 2008 <br> 08CV3931 <br> JUDGE CASTILLO <br> MAGISTRATE JUDGE SCHENKIER <br><br> PH |

## COMPLAINT

Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, by and through their attorneys, Daley and George, Ltd., complaining against Defendants DEMPSEY ING, INCORPORATED and JAMES E. DODSON, allege as follows:

### COUNT I
### (CLAIM UNDER ERISA FOR DELINQUENT CONTRIBUTIONS AGAINST DEMPSEY ING, INCORPORATED)

1.    This action arises out of the violation of a contract between an employer and a labor organization, and Plaintiffs seek to enforce the contract to obtain contributions to fringe benefit funds. Jurisdiction is based on Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145), as amended, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 185), as amended, as more fully described below. Venue is founded pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 in the Northern District of Illinois.

2. The CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, and CENTRAL LABORERS' ANNUITY FUND (collectively the "Funds") receive contributions from numerous employers pursuant to collective bargaining agreements (collectively the "Collective Bargaining Agreement") between the employers and the North Central Illinois Laborers' District Council and its affiliated local unions (collectively the "Union"). The Funds are administered in accordance with and pursuant to the provisions of ERISA and other applicable federal and state laws. The Funds are administered pursuant to the terms and provisions of Agreements and Declarations of Trust ("Trust Agreements"). The Funds are employee benefit plans within the meaning of Section 3 of ERISA (29 U.S.C. § 1002(3)).

3. CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES and CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES each consist of: Ed Smith, James Bruner, Chip Reyhan, Jr., Joe Lamb, Charles Adams, Ken Kilian, Steve Morthole, John Holub, John E. Goetz, Danny Maycroft, Glyn Ramage, John R. Taylor, Terry Kipping, John Penn, Frank Hovar, and Brad Shaive. Plaintiff CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES consists of: Tim Garvey, Kenton Day, Greg Neff, Ed Doyle, Scott Larkin, John Peisker, Martin Easterling, Nick Ceretto, Jim Kellus, Steve Trokey, Marc Manuel, and Dale Pickerill. Plaintiff BARRY McANARNEY is the Executive Director of the Funds. All of the individuals named in this paragraph are fiduciaries of the Funds as that term is defined in ERISA and are authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

4. The Union is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. CENTRAL LABORERS' PENSION FUND is authorized by the North Central Illinois Laborers' District Council to identify and collect delinquent contributions due its affiliated local unions and fringe benefit funds.

6. DEMPSEY ING, INCORPORATED is an Illinois corporation doing business in the Northern District of Illinois. DEMPSEY ING, INCORPORATED is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

7. DEMPSEY ING, INCORPORATED became a party to and bound by the Collective Bargaining Agreement by virtue of its executing one or more agreements, including a memorandum of agreement entered into on or about June 17, 1991 (collectively, the "Memorandum of Agreement"). DEMPSEY ING, INCORPORATED has never terminated the agreements and they remain in effect.

8. DEMPSEY ING, INCORPORATED became a party to and bound by the Trust Agreements by virtue of certain provisions contained in the Memorandum of Agreement.

9. DEMPSEY ING, INCORPORATED became a party to and bound by the Trust Agreements by virtue of its execution of one or more participation agreements with the Funds, including a participation agreement entered into on or about June 17, 1991. A copy of that participation agreement is attached as Exhibit A.

10. DEMPSEY ING, INCORPORATED became a party to and bound by the Trust Agreements by virtue of certain provisions contained in employer contribution report forms that it signed and submitted to the Funds.

11. DEMPSEY ING, INCORPORATED became a party to and bound by the Trust Agreements by virtue of its withholding of (some but not all) payroll amounts for employee fringe benefit contributions consistent with the Trust Agreements.

12.     DEMPSEY ING, INCORPORATED became a party to and bound by the Trust Agreements by making (some but not all) employee fringe benefit contributions to the Funds.

13.     Under the terms of the Collective Bargaining Agreement and Trust Agreements, DEMPSEY ING, INCORPORATED is required to make contributions to Union fringe benefit funds on behalf of employees performing work covered by the Collective Bargaining Agreement, said contributions to be at the hourly rates indicated in the Collective Bargaining Agreement and Trust Agreements.

14.     Based on employer reports, DEMPSEY ING, INCORPORATED failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Collective Bargaining Agreement and Trust Agreements. Delinquent contributions include but may not be limited to the following:

**Delinquent Contributions Due (March-April 2008):    $36,068.46**
**Report Form Shortages:                                $8,289.11**
                                              **Total:   $44,357.57**

15.     The Trust Agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due.

16.     Because contributions were not paid when due, DEMPSEY ING, INCORPORATED incurred 10% penalty assessments in accordance with the Trust Agreements totaling not less than the following:

**Delinquent Contributions Due (March-April 2008):    $3,606.85**

17.     The total amount owed by DEMPSEY ING, INCORPORATED pursuant to the Trust Agreements is not less than **$47,964.42**, consisting of not less than $44,357.57 in delinquent fringe benefit contributions and $3,606.85 in late penalties.

4

18.     DEMPSEY ING, INCORPORATED has failed and refused to pay the amount of $47,964.42 known to be due to Plaintiffs.

19.     Plaintiffs have complied with all conditions precedent in bringing this suit.

20.     Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of DEMPSEY ING, INCORPORATED

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter judgment against DEMPSEY ING, INCORPORATED in favor of Plaintiffs.

B.      Order DEMPSEY ING, INCORPORATED to pay Plaintiffs $47,964.42, plus any additional amount shown to be due pursuant to any subsequent audit.

C.      Order DEMPSEY ING, INCORPORATED to perform and continue to perform all obligations it has undertaken with respect to the Funds.

D.      Order DEMPSEY ING, INCORPORATED to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.      Grant Plaintiffs such other and further relief as the Court may deem just.

## COUNT II
### (ERISA AUDIT – DEMPSEY ING, INCORPORATED)

1. - 20.     Plaintiffs reallege paragraphs 1 - 20 of Count I.

21.     Pursuant to the Trust Agreements, the Collective Bargaining Agreement, and ERISA, DEMPSEY ING, INCORPORATED is required to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

22.     Upon information and belief, DEMPSEY ING, INCORPORATED has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements to which it is bound,

all in violation of its contractual and statutory obligations.

23.　DEMPSEY ING, INCORPORATED has failed and refused to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

24.　Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of DEMPSEY ING, INCORPORATED

WHEREFORE, Plaintiffs respectfully request that this Court:

A.　Enter judgment against DEMPSEY ING, INCORPORATED in favor of Plaintiffs.

B.　Order DEMPSEY ING, INCORPORATED to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C.　Order DEMPSEY ING, INCORPORATED to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.　Order DEMPSEY ING, INCORPORATED to perform and continue to perform all obligations it has undertaken with respect to the Funds.

E.　Order DEMPSEY ING, INCORPORATED to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.　Grant Plaintiffs such other and further relief as the Court may deem just.

## COUNT III
## (AGAINST JAMES E. DODSON)

1.　This Count I arises from a common nucleus of operative facts with Count I and Count II and is pendent to those counts.

2. - 21.　Plaintiffs reallege paragraphs 1 - 20 of Count I.

22. - 25.　Plaintiffs reallege paragraphs 21 - 24 of Count II.

### Breach of Contract / Trust Agreements

23. Plaintiffs are advised and believe that JAMES E. DODSON is the President, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer of DEMPSEY ING, INCORPORATED and is in control of the corporation. Further, Plaintiffs are advised and believe that JAMES E. DODSON is a director of DEMPSEY ING, INCORPORATED

24. Pursuant to the Memorandum of Agreement to which DEMPSEY ING, INCORPORATED agreed to be bound, where there is any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

25. Pursuant to the Trust Agreements establishing the Funds, to which DEMPSEY ING, INCORPORATED and JAMES E. DODSON agreed to be bound, where there is any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

26. Plaintiffs are informed and believe that JAMES E. DODSON did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the Trust Agreements and the Collective Bargaining Agreement, making JAMES E. DODSON personally liable for the money owed to the Funds by DEMPSEY ING, INCORPORATED

### Fraud

28. JAMES E. DODSON, acting through and in conjunction with DEMPSEY ING, INCORPORATED, caused the company to withhold fringe benefit contribution payroll amounts

7

but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, JAMES E. DODSON, was defrauding the Funds, the Union and the company's employees. By engaging in such fraud and conspiracy, JAMES E. DODSON is personally liable for the money owed to the Funds by DEMPSEY ING, INCORPORATED

### Conversion

27. JAMES E. DODSON, acting through and in conjunction with DEMPSEY ING, INCORPORATED, caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, JAMES E. DODSON was converting the assets of the Funds, the Union and the company's employees. By engaging in such conversion and conspiracy, JAMES E. DODSON is personally liable for the money owed to the Funds by DEMPSEY ING, INCORPORATED

### Breach of Fiduciary Duty

28. JAMES E. DODSON, acting through and in conjunction with DEMPSEY ING, INCORPORATED, caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, JAMES E. DODSON assumed fiduciary responsibility to the Funds and breached that fiduciary responsibility, making him personally liable for the money owed to the Funds by DEMPSEY ING, INCORPORATED.

29. All fringe benefit contributions not paid by DEMPSEY ING, INCORPORATED when due became assets of the Funds within the meaning of 29 U.S.C. § 1002(21)(A). In exercising authority and control over such assets JAMES E. DODSON assumed fiduciary

responsibility to the Funds and breached that fiduciary responsibility by failing to cause DEMPSEY ING, INCORPORATED to remit required contributions, making him personally liable for the money owed to the Funds by DEMPSEY ING, INCORPORATED.

<u>Piercing the Corporate Veil</u>

30. There is a unity of interest and ownership between DEMPSEY ING, INCORPORATED and JAMES E. DODSON such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making JAMES E. DODSON personally liable for the money owed to the Funds by DEMPSEY ING, INCORPORATED.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against JAMES E. DODSON in favor of Plaintiffs.

B. Order JAMES E. DODSON to pay Plaintiffs $47,964.42, plus any additional amount shown to be due.

C. Order JAMES E. DODSON be ordered to provide access to the records of DEMPSEY ING, INCORPORATED so that an audit can be performed to determine whether DEMPSEY ING, INCORPORATED has complied with contribution requirements.

D. Order JAMES E. DODSON to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

E. Order JAMES E. DODSON to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F. Order JAMES E. DODSON to pay punitive damages.

G. Grant Plaintiffs such other and further relief as the Court may deem just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY

By: /s/ Richard Toth

One of Their Attorneys

DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, Illinois 60603
(312) 726-8797

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between __Dempsey Ing, Inc.__ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c) ) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

$~~~~~~~~$ $XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX$ $~~~~~~~~$ $\$~.20$ per hour to Illinois Laborers' and Contractors' Training Trust Fund

$~~~~~~~~$ $XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX$ $~~~~~~~~$ $\$~.25$ per hour to Industry Advancement Fund

$\$2.80$ per hour to Northern Il. Annuity Fund $~~~~~~~~$ $4\tfrac{1}{2}\%$ Working Dues (% XXXXXXXXX of Gros

$\$4.20$ per hour for O/T to N.I.A. Fund
$\$5.60$ per hour for D/T to N.I.A. Fund $~~~~~~~~$ $\$~.03$ per hour Bldg/Tdes Ck/Of

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable. All required payments shall be made payable to the "Central Laborers' Fringe Benefit Account."

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 20% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Dempsey Ing, Inc. | _James R. Jones_ |
| Name of Business | Authorized Signature |
| P.O. Box 1203, Elburn, Il 60119 | Executive Administrator |
| Address | Title |
| 708/232-7056 | UNION |
| Telephone | Territory in which Agreement signed: Local __109__ |
| X _Sue Ing_ | _Larry Lambert_ |
| Authorized Signature | Authorized Signature |
| X _Secretary_ | Larry Lambert, Business Manager |
| Title | Title |
| June 17, 1991 | June 17, 1991 |
| Date | Date |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union



EXHIBIT A